

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable H. D. Dodgen, Executive Secretary
Game, Fish & Oyster Commission
Austin, Texas

Dear Sir:

Opinion No. O-7262
Re: Validity of proposed lease con-
tract whereby the Game, Fish &
Oyster Commission acquires a
site for the erection of a Marine
Laboratory Building

This will acknowledge receipt of your letter of June 1, 1946,
wherein you request the opinion of this department on the validity
of a certain proposed lease contract, copy of which is attached to
your letter, submitted by the Aransas County Navagation District No.
One to the Texas Game, Fish & Oyster Commission, and covering a pro-
posed site for the erection by the Commission of a Marine Laboratory
Building on property owned and controlled by the aforesaid District.
Receipt is also acknowledged of your letter of June 20, 1946, to
which was attached amended copy of the aforesaid lease contract.

In a previous opinion submitted by this department to you,
Opinion No. O-6935, you were advised that the Commission is authoriz-
ed to use monies available from the Fish and Oyster Fund for the con-
struction of a building to house a Marine Laboratory, and is further
authorized to purchase land upon which to construct the said building,
and to pay for same out of the Fish and Oyster Fund.

The above quoted opinion (No. O-6935) construed Art. 4030, V. A.
C. S., which authorizes the Commission to use certain funds for
"the making of scientific investigations and surveys of the principal
sea food fishes and marine life for purpose of the better protection
and conservation of same;" such opinion holding that the above statute
was authority for the construction by the Commission of a Marine
Laboratory Building, and that the Commission also had authority to
purchase land on which to erect such building, following the decision
in the case of Herring v. Houston National Exchange Bank (Sup.Ct.),
269 S.W. 1031,1035; which held that the prison commission, having
authority to purchase a mill plant, had implied authority to purchase
the land upon which the mill was located.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Also, previous opinion No. O-3100 of this department held that statutes authorizing the Department of Public Safety of Texas to install and operate a police radio broadcasting station were broad enough to authorize the purchase of land upon which to establish the station. That opinion quoted from the case of Terrell v. Sparks, 104 Tex. 191, 135 S.W. 519, in which the Supreme Court held:

"Whenever a power is given by statute, everything necessary to make it effectual or requisite to attain the end is implied. It is a well-established principle that statutes containing grants of power are to be construed so as to include the authority to do all things necessary to accomplish the object of the grant. The grant of an express power carries with it by necessary implication every other power necessary and proper to the execution of the power expressly granted. Where the law commands anything to be done, it authorizes the performance of whatever may be necessary for executing its commands."

Since the acquisition of land is necessary in order to carry out the execution of the power granted to the Commission to build a Marine Laboratory Building, then the only remaining question is how such acquisition may be made. "Generally speaking, the State has the same rights and powers in respect of property as an individual. It may acquire real or personal property by conveyance, will or otherwise, and hold or dispose of the property or apply it to any purpose as the state sees fit."  (38 Tex.Jur.836)

In our opinion, therefore, the Commission, in the absence of constitutional or statutory restrictions, would have the same right to acquire land for the heretofore mentioned purpose by lease contract as by purchase, donation, devise, or other means, provided that the Commission has found that the acquisition of particular land by a lease contract is reasonably necessary to the execution of the power granted such Commission to construct a Marine Laboratory Building.

In regard to lease contracts, however, the State Constitution prohibits the creation of any debt by or on behalf of the State (Sec.49,Art 3), and further provides that no appropriation of money may be made for a longer term than two years (Sec.6 of Art.8).

The case of Fort Worth Cavalry Club v. Sheppard (Sup.Ct),125 Tex. 339, 83 S.W. 2d, 660, involved a five-year lease contract under which the State, as lessee, acting through the Adjutant General, had undertaken to acquire and pay rental for certain real property to be used as a National Guard Armory. Justice Critz held in his opinion that no express authority existed for such contract, but implied authority did exist to rent or lease property for armories for the term of the appropriation act. He held that the five-year contract was void, since it bound the State to pay rentals after the end of the biennial appropriation to the Adjutant General.

The case of Texas National Guard Armory Board v. McGraw (Sup.Ct.), 126 S. W. (2d) 627, also involved lease contracts, the court upholding Art. 5890b, authorizing the Armory Board to enter into biennial lease contracts. Justice Critz, in dissenting from the majority on other matters, said:

"If I properly interpret the opinion of the majority, it holds that this law does not attempt to authorize lease contracts with the state, except for two years at a time. I agree with this holding."

In view of the above cited cases, it is the opinion of this department that the proposed lease contract involving annual rental payments of $1.00 for a thirty-year term is invalid, since it exceeds the Constitutional restriction that no appropriation of money may be made for a longer term than two years.

It is our further opinion, however, that if the present lease contract were to provide that the total consideration for the lease be paid in a lump sum prior to the expiration of the present biennial appropriation to the Commission, then such lease contract would not be objectionable on the grounds raised in the case of Fort Worth Cavalry Club v. Sheppard (supra).

A further requirement to the validity of such lease contract is substantial compliance by the Aransas County Navigation District No. One with the provisions of Sub-sec (c) of Article 8247b, V. A. C.S., which reads as follows:

"Such Navigation District may sell or lease all or any part of any surplus lands owned by it, whether said lands be acquired by gift, purchase or in settlement of any litigation, controversy, or claim in behalf of the district, or in any other manner, provided such lands are not necessary to be used by such Navigation District in connection with the development of such navigation project, and provided further that such sale or lease shall be made in the manner provided in this subsection. Before making such sale or lease, the Navigation and Canal Commission shall cause to be published in some newspaper of general circulation within said Navigation District, at least once per week for a period of ten days next preceding the execution of such deed, contract for sale, or lease, a notice requesting bids on such land, which notice shall contain the approximate amount of land offered for sale or lease, the general location thereof, the time and place when such bids shall be opened and providing that each bid shall be accompanied by a certified check, bank draft, cashier's check or bidder's bond, with a responsible surety, or sureties, each in an amount equal to the bid for such land or for such lease, to guarantee that such bidder will perform the terms of his bid.

After the publication of such notice, as above provided, the Navigation and Canal Commission may sell or lease all or any part of such land, provided that such sale or lease is awarded to the highest bidder for the same and shall enter an order in the minutes of the Navigation and Canal Commission confirming such sale, which order, among other things, shall set forth the terms thereof, including the consideration therefor, and which shall further provide that when such bidder complies with the terms of his bid, the Chairman and Secretary of the Navigation and Canal Commission shall execute a deed or lease, as the case may be, in proper form and providing further that such sale or lease shall not be made for a less sum than its reasonable market value in such locality at the time and place of such sale or lease."

Upon the satisfactory completion of the above listed requirements, it is our opinion that the aforesaid lease contract will be valid.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

BY: *W. N. Blanton, Jr.*
W. N. Blanton, Jr.
Assistant

FIRST ASSISTANT
ATTORNEY GENERAL

1, 1946

WNB:V